**WO**                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Faye Benton,<br><br>              Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>              Defendant. | No. CV-14-01776-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Commissioner of Social Security's Motion for Remand for Further Proceedings (Doc. 23), to which Plaintiff Debra Faye Benton filed a Response (Doc. 24).

An Administrative Law Judge ("ALJ") denied Plaintiff's Application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act ("the Act") on March 18, 2013 (Docs. 11-13, R. at 10-23), and that decision was upheld by the Appeals Council on June 10, 2014 (R. at 1-6). After Plaintiff appealed the ALJ's decision to this Court and filed an Opening Brief (Doc. 16, Pl.'s Br.), Defendant conceded that the ALJ made certain errors in reaching her decision and moved to remand for further development of the record and because the present record leaves doubt as to whether Plaintiff is disabled under the Act (Doc. 23, Mot.). In response, Plaintiff argues that no outstanding issues remain and the Court should find Plaintiff disabled under the Act and remand for a calculation of benefits. (Doc. 24, Resp.)

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Resp.

at 2.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

The Court has reviewed the record in its entirety and agrees with Defendant that the record is not fully developed and that uncertainty remains as to whether Plaintiff is disabled under the Act. For example, the ALJ credited the report of reviewing physician Dr. Lucy Sauer, but Plaintiff argues that Dr. Sauer's medical license is cancelled and, as such, the ALJ should have discounted her report as one prepared by an unacceptable medical source. (Pl.'s Br. at 14.) Indeed, in her Opening Brief, Plaintiff acknowledges that the ALJ did not fully and fairly develop the record as to Dr. Sauer and this matter should be remanded to allow questioning of Dr. Sauer as a reviewing physician. (Pl.'s Br. at 18-19.)

The Court agrees with the parties that the reasons the ALJ listed for assigning little weight to the records of Drs. Medeiros, Wightman and Baker (*see* R. at 21) were insufficient, and the ALJ must re-evaluate Plaintiff's credibility in light of the medical evidence and fill in gaps and ambiguities in Plaintiff's testimony. Moreover, the ALJ stopped her analysis at step four of the five-step evaluative process under 20 C.F.R. § 404.1520(a)(4)(iv) by finding that Plaintiff could perform her past relevant work. (R. at

22.) Considering the potentially reweighed medical evidence and Plaintiff's testimony, the ALJ must decide if additional testimony from a Vocational Expert is required to determine whether Plaintiff can perform her past relevant work or any other work in the national economy under steps four and five of the evaluative process, 20 C.F.R. § 404.1520(a)(4)(iv)-(v).

Beyond the uncertainty left by gaps in the record, uncertainty remains as to whether Plaintiff is disabled under the Act. The Court notes that certain examination results, including MRIs and x-rays, show that Plaintiff's physical condition is not as severe as would be expected for the degree of pain Plaintiff sometimes alleged, and treatment with physical therapy and medication improved Plaintiff's condition markedly. (*See, e.g.*, R. at 361, 487, 489, 560, 772.) While Dr. Sauer relied in part on these records to reach her functional capacity findings, the relevance of her report to a final determination of Plaintiff's disability under the Act must be resolved, as noted above.

For all the foregoing reasons, the Court must remand this matter to the ALJ for further development of the record and a disability determination.

IT IS THEREFORE ORDERED granting Defendant Commissioner of Social Security's Motion for Remand for Further Proceedings (Doc. 23). The Court remands this matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 17th day of March, 2016.

Honorable John J. Tuchi
United States District Judge